### Wm. L. Wilson *against* James Jackson.     *July,* 1826.

THE Chief Justice delivered the opinion of the Court.

This was an action in the Circuit Court of *Lawrence* County, by *Jackson* against *Wilson* as endorser of a promissory note of *Stump* and *Cox,* dated 30th of *April,* 1819, payable to *Wilson* 30 days after date, at the Farmers' and Mechanics' Bank of *Nashville,* and by him endorsed to the plaintiff.

By the bill of Exceptions it appears that the only evidence given on the trial was that of one *Simpson,* who proved " that in *March,* 1821, he presented the note to the " defendant at his residence, and demanded payment of " him as endorser; that the defendant said he had been try- " ing for about three months to raise the money to pay the " note ; that he had expected to have got it two months " before, but had been disappointed in his arrangements; " but that he would pay it as soon as he could get the " money."

The defendant's Counsel moved the Court to instruct the Jury " that if they believed that the promise to pay " had been made under the influence of a mistake as to the " facts of the case in relation to the diligence on the part " of the plaintiff, or a mistake as to the law arising on the " facts as they were known to exist, he was not bound by " it, and they should find accordingly." But the Court refused so to charge ; and charged the Jury, that if they believed that the promise was made as stated by the witness, whether under the influence of a mistake as to the law or the facts, or not, defendant was bound by it, and the Jury were bound to infer from the promise to pay, that the note had been dishonored, and due notice thereof given to the defendant.

The defendant's Counsel also moved the Court to instruct the Jury, that if they believed that no notice of the

*Margin note:* Refusing to charge the Jury as requested not Error, unless it appear that the points as to which the charge was prayed arose from the evidence before the Jury.

JULY, 1826.

Wm. L. Wilson
v.
James Jackson.

dishonor of the note had been given to the defendant at an earlier period than two months before the demand spoken of by the witness, they should find for the defendant ; which instruction the Court refused to give.

*Wilson* now assigns the matter of the bill of Exceptions as Error.

We believe it to be very clear from the evidence, that if the instructions asked of the Court had been given, they ought not to have had any influence on the Jury. There was no testimony which could have warranted the conclusions in law contended for by the defendant's Counsel. If the points made did not arise from facts proved, and material to the issue, the Court ought not to have given any charge on them ; and if, under such circumstances, a wrong charge had been given, it could not be the ground of reversal. If a contrary doctrine could be sustained, Counsel would only have to make a great variety of points not growing out of the evidence, and surprise the Judge into the expression of an erroneous opinion on some of them, with a view to make it the ground for reversing a judgment fairly obtained on the merits of the case.

We will not now enquire whether the Circuit Court was right or wrong in its decision on the points presented by the Counsel for the defendant in the action.

The judgment must be affirmed.

*Kelly* and *Hutchingson*, for plaintiff.
*McKenley* and *Hopkins*, for defendant in Error.